IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                                                                               )
                       Plaintiff, )
)
v. )   Case No. 04-2072-KHV-DJW
)
T-MOBILE USA, INC., f/k/a VOICESTREAM )
WIRELESS CORP. )
)
                     Defendant. )

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission has instituted this action alleging that Defendant T-Mobile USA, Inc. failed to hire Jose Lopez, because of his disability, blindness, in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the ADA will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. NON-DISCRIMINATION

1. In all matters arising from or relating to employment, T-Mobile USA and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, shall not engage in any employment practice which unlawfully discriminates against an employee or applicant under the Americans with Disabilities Act. Prohibited discrimination includes, but is not limited to:

   a. refusing to hire or rehire a qualified individual with a disability because of his/her disability;

   b. refusing to provide a reasonable accommodation to a qualified individual with a disability;

   c. discharging a qualified individual with a disability because of his/her disability;

   d. maintaining any practice or policy that violates the ADA by depriving or tending to deprive any individual of employment opportunities because of such individual's disability;

   e. discriminating against persons on the basis of their disabilities in the terms and conditions of their employment; and,

   f. making disability related pre-employment inquiries.

## II. NON-RETALIATION

2. T-Mobile USA, its officers, agents, employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall not engage in reprisal or retaliation of any kind against any person because such person:

a. opposed any practice made unlawful under the ADA;

b. filed a charge of discrimination or other complaint with the Commission or a state agency or testified or participated in any manner in any investigation, proceeding, or hearing under the ADA;

c. requested and/or received relief in accordance with this Consent Decree;

d. participated in any manner in this action or in the investigation giving rise to this action; or

e. asserted any rights under this Consent Decree.

### III. RELIEF FOR CHARGING PARTY

3. Within fifteen (15) days after this Decree is approved by the Court or upon receipt of a full release of claims executed by Jose Lopez, whichever is later, T-Mobile USA will forward to Jose Lopez, a check made payable to him in the gross amount of Forty Thousand Dollars ($40,000). Such amount will be reported on IRS Form 1099 and T-Mobile USA also will forward to Rik N. Siro, Esq. a check for $250 to review and advise Mr. Lopez on T-Mobile USA's release of claims.

### IV. INJUNCTIVE RELIEF

4. Within one hundred thirty-five (135) days after this Decree is approved by the Court, T-Mobile USA will implement a comprehensive policy and procedures for providing reasonable accommodation to job applicants and employees with disabilities. Such procedures shall include, but not be limited to, the assignment to a senior human resources official the responsibility to be the Company's "Leave/ADA Coordinator," the establishment of mechanisms to allow managers to seek assistance from the Leave/ADA Coordinator when responding to requests and / or known needs for reasonable accommodation raised through the hotlink

established below, a process for the review of denials of known requests for reasonable accommodation, and the inclusion of managers' compliance with T-Mobile USA's EEO policies (including reasonable accommodation) in all management performance evaluations.

5. Within two hundred (200) days after this Decree is approved by the Court, T-Mobile USA will institute a nationwide ADA training program for all management employees. The training program will cover all aspects of the ADA, including but not limited to the non-discrimination in hiring and job application procedures, reasonable accommodation and resources for determining accommodations, procedures for providing reasonable accommodation to individuals with disabilities, medical examinations and inquiries, protection from retaliation, background and reference checks, and confidentiality provisions of the ADA. All managers shall be required to complete this training. Customer Care manager training will be completed within the 200-day time frame. All other managers will be trained no later than one year from the date of this Decree. Thereafter, all newly hired managers shall be required to complete this training within four (4) months of their hire date. T-Mobile USA will require managers to repeat this training at reasonable intervals.

6. Within ninety (90) days after this Decree is approved by the Court, T-Mobile USA will establish a hotlink directed to the Leave/ADA Coordinator, accessible by an e-mail address and via T-Mobile's Internet website, through which applicants and employees may contact the Leave/ADA Coordinator to report denials of accommodation, make requests for accommodation or report discrimination on the basis of a disability. T-Mobile USA will publicize the Hotlink e-mail address and website by:

    a. printing the information on all job applications;

        b.        posting the information at every location in its facilities where applications are accepted and where employee bulletins are posted.

7.        Within one year after this Decree has been approved by the Court, T-Mobile USA will create a COS (information systems) taskforce which shall also include the Leave/ADA Coordinator to evaluate developments in screen reader software, including but not limited to map access, and adaptability to applications utilized by Customer Care Representatives as well as to develop a protocol for prompt and efficient evaluation of available technology to accommodate disabled applicants or employees. If it is determined that technology can be used to accommodate a disability, then the Leave/ADA Coordinator will coordinate communication to managers and all persons involved in accepting applications for employment and interviewing applicants about these programs so that they will be prepared for applicants who may use these programs.

## V.    POSTING AND NOTICES

8.        T-Mobile USA will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30.

9.        T-Mobile USA will post and cause to remain posted copies of the notice attached as Exhibit A in locations publicly visible to all call center employees during the term of this Decree.

10.        T-Mobile USA will post a copy of the notice attached as Exhibit A in the "Jobs" area of the T-Mobile.com website during its term of this decree.

## VI.    REPORTING

11.        T-Mobile USA's Leave/ADA Coordinator and Employment Counsel will direct, monitor and maintain responsibility for implementation of this Decree.

12. Within thirty (30) days after this Decree is approved by the Court, T-Mobile USA will forward to the Commission's Regional Attorney in its St. Louis District Office a copy of the check forwarded to Jose Lopez as described in paragraph 3 above.

13. No later than 180 days after this Decree is approved by the Court, T-Mobile USA will forward to the Commissioner's Regional Attorney in its St. Louis District office a letter attesting to T-Mobile's compliance with paragraphs 4, 6, 9 and 10 signed by or on behalf of its Leave/ADA Coordinator.

14. No later than one year after this Decree is approved by the Court, T-Mobile USA will forward to the Commission's Regional Attorney in its St. Louis District Office a letter signed by or on behalf of the Leave/ADA Coordinator providing attesting to T-Mobile USA's compliance with the provisions of this Decree, specifically including paragraphs 5 and 7.

## VI. TERM AND EFFECT OF DECREE

15. By entering into this Decree the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the charge that created the procedural foundation for the complaint in this case.

16. This Decree will be binding upon the parties hereto, their successors and assigns.

17. This Decree will be for a period of one (1) year. During the Decree's term the Court will retain jurisdiction of this cause for purposes of compliance. At the end of the Decree's term the Court will dissolve the Consent Decree and will dismiss this lawsuit with prejudice without further motion by any party.

18. Each party will bear its own costs.

BY CONSENT:

FOR PLAINTIFF:

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT G. JOHNSON
Regional Attorney

DONNA L. HARPER
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7914 (phone)
(314) 539-7895 (fax)
bob.johnson@eeoc.gov (e-mail)
donna.harper@eeoc.gov (e-mail)

ANDREA G. BARAN    KS # 18988
ANNE E. GUSEWELLE   KS #18065
Senior Trial Attorneys
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
(913) 551-5848 (phone)
(913) 551-6957 (fax)
andrea.baran@eeoc.gov (e-mail)
anne.gusewelle@eeoc.gov (e-mail)

FOR DEFENDANT:

Name David A. Miller
Title Senior Vice President & General Counsel
(T-Mobile Official)

Kathy Perkins    KS #18689
Kimberly F. Seten   KS #19394
CONSTANGY, BROOKS &
SMITH, LLC
2600 Grand Boulevard, Ste. 300
Kansas City, MO 64108
tel.: 816-472-6400
fax: 816-472-6401
e-mail: kperkins@constangy.com
kseten@constangy.com

ATTORNEYS FOR DEFENDANT

7

SO ORDERED:

July 7, 2005                          s/ Kathryn H. Vratil

Date                                     UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## NOTICE TO EMPLOYEES AND JOB APPLICANTS
(on company letterhead)

Federal law prohibits discrimination against any employee because of race, national origin, color, religion, sex, disability or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against persons who complain of or oppose practices they believe are discriminatory on the basis of race, national origin, color, religion, sex, disability or age (forty and over), and it prohibits retaliation against persons who file charges with the EEOC, or who participate in or cooperate with an EEOC investigation.

T-Mobile USA supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, T-Mobile USA will not tolerate discrimination in employment, nor will it tolerate retaliation against any employee for exercising rights under law.

Employees or job applicants should feel free to report instances of discriminatory treatment to their supervisor, a manager, or T-Mobile USA's employee hotlink at any time. T-Mobile USA has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination.